# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE UNITED STATES STEEL CORPORATION DERIVATIVE LITIGATION | ) Lead Case No.: 2:17-cv-01005-CB )  ) ) (Derivative Action) ) |
| This Document Relates To:<br><br>ALL ACTIONS. | ) ) ) Electronically Filed ) ) |

## JOINT MOTION TO DEFER PROCEEDINGS PENDING DEVELOPMENTS IN RELATED SECURITIES CLASS ACTION AND [PROPOSED] ORDER

The Parties[1] jointly move the Court to enter an order, in the form of Exhibit A hereto, to defer all proceedings in this action, and to hold all deadlines in abeyance, pending developments in a related securities action currently pending before the Court. The Parties believe that entry of the proposed order will conserve the resources of the Parties and the Court, and otherwise promote the ends of justice. In support of this Motion, the Parties state as follows:

1. On September 13, 2017, two shareholder derivative actions, putatively brought on behalf of nominal defendant U.S. Steel, were deemed related and consolidated, upon stipulation and Order of the Court, into the above-captioned consolidated derivative action (the "Consolidated Derivative Action") (*see* Dkt. No. 8).

---

[1] The "Parties" include, collectively, plaintiffs Jared Gochnour, Richard Summerville, and Central Laborers' Pension Fund ("Plaintiffs"), individual defendants David B. Burritt, David S. Sutherland, John G. Drosdick, Glenda G. McNeal, Patricia A. Tracey, Dan O. Dinges, John J. Engel, Murry S. Gerber, Patricia Diaz Dennis, Robert J. Stevens, Paul A. Mascarenas, Stephen J. Girsky, and Mario Longhi ("Individual Defendants"), and nominal defendant United States Steel Corporation ("U.S. Steel" or the "Company") (U.S. Steel, together with Individual Defendants are referred to herein as "Defendants").

2.   The Court appointed Johnson Fistel, LLP (which, along with its predecessor firm, Johnson & Weaver, LLP, is referred to herein as "Johnson Fistel")[2] and Robbins Arroyo LLP ("Robbins Arroyo") as Co-Lead Counsel in the Consolidated Derivative Action for Plaintiffs (*see* Dkt. No. 8).

3.   On October 2, 2017, a third shareholder derivative action, styled *Central Laborers' Pension Fund v. Burritt, et al.*, Civil Action No. 2:17-cv-01279-CB (W.D. Pa.) (the "*Central Laborers'* Action") was filed in this Court.

4.   On October 18, 2017, upon a stipulation of the Parties, the Court entered an Order consolidating the *Central Laborers'* Action into the Consolidated Derivative Action and setting a schedule for Plaintiffs to file a consolidated complaint by December 4, 2017, and thereafter a schedule for the Defendants to file a response or answer to the consolidated complaint and for Plaintiffs to respond.

5.   A class action alleging violations of the federal securities laws against U.S. Steel and certain of its officers was filed and is also pending in the United States District Court for the Western District of Pennsylvania, styled *Vrakas v. United States Steel Corporation*, Civil Action No. 2:17-cv-00579-CB (the "Securities Class Action").

6.   An Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint") was filed by lead plaintiff in the Securities Class Action on October 2, 2017.

7.   Pursuant to a Joint Proposed Scheduling Order entered in the Securities Class Action, defendants are to file their motions to dismiss the Amended Complaint on or before

---

[2]   A Notice of Change of Firm Name from Johnson & Weaver, LLP to Johnson Fistel, LLP was filed on September 15, 2017 (*see* Dkt. No. 9).

...

December 14, 2017, and briefing on defendants' anticipated motions to dismiss is scheduled to be completed on or before March 14, 2018 (*see* Securities Class Action, Dkt. No. 49).

8. All Parties agree that in the interests of preserving the Parties' and the Court's resources, efficient and effective case management, moving the case expeditiously towards trial, and for circumstances unique to this case, this matter should be deferred until the earlier of thirty (30) days after the entry of an order on defendants' anticipated motion to dismiss the Securities Class Action, a final order dismissing the Securities Class Action with prejudice, or until otherwise agreed to by the Parties, but subject to each party's right (i) to move the Court to lift or extend the deferral and (ii) to oppose such motions. The Parties believe that deferring this matter as proposed may allow for the avoidance or reduction of certain preliminary motion practice in the Consolidated Derivative Action.

9. The Parties also agree that the following terms should be incorporated into an order deferring the Consolidated Derivative Action, and that such terms are consistent with judicial and party economy (these terms are included in the proposed order, attached as Exhibit A hereto):

a. Notwithstanding the deferral of the Consolidated Derivative Action, Plaintiffs shall be permitted to file a consolidated complaint during the pendency of the deferral. Defendants shall be under no obligation to respond to any such complaint while the Consolidated Derivative Action is deferred, unless otherwise ordered by the Court.

b. The Parties agree that if any discovery occurs in the Securities Class Action while the Consolidated Derivative Action is deferred, the Parties will meet and confer regarding the possible production and use of such discovery in the Consolidated Derivative Action.

    c.  The Parties agree that if documents are produced by U.S. Steel or any of the Individual Defendants in connection with any related derivative action or in response to an inspection demand or action under title 8, Delaware Code § 220 ("§ 220") while the Consolidated Derivative Action is deferred, U.S. Steel will provide Plaintiffs with copies of such documents and written discovery responses produced by U.S. Steel and/or the Individual Defendants.

    d.  With regard to transcripts of depositions taken in any related derivative action, or in response to an inspection demand or action under § 220, U.S. Steel shall provide Plaintiffs with court reporter contact information within five (5) business days of any deposition so that Plaintiffs may request copies of deposition transcripts. The Company will not oppose such requests for transcripts (or portions thereof) that have been designated as confidential by U.S. Steel under any confidentiality agreement or order governing the documents produced in the related derivative action, or in response to an inspection demand or action under § 220.

    e.  Plaintiffs' right to receive documents, written discovery responses, or deposition transcripts as described above will be contingent upon their agreement to be bound by any agreement or order governing those materials in the related derivative action or in response to an inspection demand or action under § 220, with the express understanding that Plaintiffs shall be entitled to use any such documents produced to them pursuant to this Agreement in the Consolidated Derivative Action. If Plaintiffs cannot become a party to any such agreement or order, they will enter into a separate agreement with U.S. Steel acknowledging their agreement to be bound by the terms of such agreement or order, with the express understanding that Plaintiffs shall be entitled to use any such documents produced to them pursuant to this Agreement in the Consolidated Derivative Action, and further will agree that their

acknowledgement of the agreement or order may be enforceable in the Consolidated Derivative Action.

    f. Within thirty (30) days of the ruling on defendants' anticipated motion to dismiss the Securities Class Action or at such other time as may be agreed to by the Parties, the Parties will meet and confer concerning a schedule for further proceedings in the Consolidated Derivative Action and will propose a schedule to the Court accordingly.

* * * *

  For the reasons set forth herein, the Parties accordingly jointly move that the Court enter an order, in the form of Exhibit A hereto, deferring further proceedings in the Consolidated Derivative Action until the earlier of thirty (30) days after the entry of an order on defendants' anticipated motion to dismiss the Securities Class Action, a final order dismissing the Securities Class Action with prejudice, or until otherwise agreed to by the Parties, but subject to each party's right (i) to move the Court to lift or extend the deferral and (ii) to oppose such motions.

DATED:  November 30, 2017    Respectfully submitted,

            **ROBBINS ARROYO LLP**
            BRIAN J. ROBBINS
            GEORGE C. AGUILAR
            STEVEN M. MCKANY

            /s/ *George C. Aguilar*
            GEORGE C. AGUILAR (*pro hac vice*)

            600 B Street, Suite 1900
            San Diego, CA 92101
            Telephone: (619) 525-3990
            Facsimile: (619) 525-3991
            Email: brobbins@robbinsarroyo.com
               gaguilar@robbinsarroyo.com
               smckany@robbinsarroyo.com

            *Attorneys for Plaintiff Summerville and*
            *Co-Lead Counsel for Plaintiffs*

Frank J. Johnson (CA #174882)
JOHNSON FISTEL, LLP
600 West Broadway, Suite 1540
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856
Email: frankj@johnsonfistel.com

Michael I. Fistel, Jr. (GA #262062)
JOHNSON FISTEL, LLP
40 Powder Springs Street
Marietta, GA 30064
Telephone: (770) 200-3104
Facsimile: (770) 200-3101
Email: michaelf@johnsonfistel.com

*Attorneys for Plaintiff Gochnour and
Co-Lead Counsel for Plaintiffs*

Richard K. Witchko (PA #18129)
GIBSONIA LAWYERS
3751 Gibsonia Road
Gibsonia, PA  15044
Phone: (724) 444-4311
Email: rwitchko@earthlink.net

*Local Counsel for Plaintiff Summerville*

Alfred G. Yates, Jr. (PA #17419)
Gerald L. Rutledge (PA #62027)
LAW OFFICE OF ALFRED G. YATES, JR. PC
300 Mt. Lebanon Boulevard, Suite 2016-B
Pittsburgh, PA 15234-1507
Telephone: (412) 391-5164
Facsimile: (412) 471-1033
Email: yateslaw@aol.com

*Local Counsel for Plaintiff Gochnour and
Liaison Counsel for Plaintiffs*

DATED: November 30, 2017         **JONES DAY**
                                 MARGARET C. GLEASON (PA #201742)
                                 LEON F. DEJULIUS, JR. (PA #90383)

                                         /s/ *Margaret C. Gleason*
                                        MARGARET C. GLEASON

500 Grant Street, Suite 4500
Pittsburg, PA 15219
Telephone: (412) 391-3939
Facsimile: (412) 394-7959
Email: mcgleason@jonesday.com
 lfdejulius@jonesday.com

Geoffrey J. Ritts
Adrienne F. Mueller
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: gjritts@johnesday.com
 afmueller@jonesday.com

Henry Klehm III
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: hkelhm@jonesday.com

*Counsel for Individual Defendants*

DATED: November 30, 2017         **UNITED STATES STEEL CORPORATION**
                                 TIMOTHY J. CORNETTI (PA #76501)

                                         /s/ *Timothy J. Cornetti*
                                 TIMOTHY J. CORNETTI

600 Grant Street, Suite 1500
Pittsburgh, PA  15219
Telephone: (412) 433-2992
Email:  tjcornetti@uss.com

*Counsel for Nominal Defendant United States Steel Corporation*

1228107

# Exhibit A

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE UNITED STATES STEEL CORPORATION DERIVATIVE LITIGATION <br><br> This Document Relates To: <br><br>     ALL ACTIONS. | ) Lead Case No.: 2:17-cv-01005-CB <br> ) <br> ) <br> ) (Derivative Action) <br> ) <br> ) <br> ) Electronically Filed <br> ) <br> ) |

**[PROPOSED] ORDER ON JOINT MOTION TO DEFER CASE PENDING DEVELOPMENTS IN RELATED SECURITIES CLASS ACTION**

Upon consideration of the Parties' Joint Motion to Defer Case Pending Developments in Related Securities Class Action, the Court finds that said motion is well-taken and should be GRANTED. Accordingly, the Court hereby ORDERS as follows:

1. This matter shall be deferred until the earlier of thirty (30) days after (i) the entry of an order on defendants' anticipated motion to dismiss in the action captioned *Vrakas v. United States Steel Corporation*, Civil Action No. 2:17-cv-00579-CB (the "Securities Class Action"), (ii) a final order dismissing the Securities Class Action with prejudice, or (iii) until otherwise agreed to by the Parties, but subject to each party's right (a) to move the Court to lift or extend the deferral and (b) to oppose such motions. All other deadlines previously established in this action are hereby vacated.

2. Notwithstanding the deferral of the Consolidated Derivative Action, Plaintiffs may file a consolidated complaint during the pendency of the deferral. Defendants shall be under no obligation to respond to any such complaint while the Consolidated Derivative Action is deferred, unless otherwise ordered by the Court.

3. If any discovery occurs in the Securities Class Action while the Consolidated Derivative Action is deferred, the Parties will meet and confer regarding the possible production and use of such discovery in the Consolidated Derivative Action.

4. If documents are produced by U.S. Steel or any of the Individual Defendants in connection with any related derivative action or in response to an inspection demand or action under Title 8, Delaware Code § 220 ("§ 220") while the Consolidated Derivative Action is deferred, U.S. Steel will provide Plaintiffs with copies of such documents and written discovery responses produced by U.S. Steel and/or the Individual Defendants, subject to the provisions of paragraph 6 below.

5. With regard to transcripts of depositions taken in any related derivative action, or in response to an inspection demand or action under § 220, U.S. Steel shall provide Plaintiffs with court reporter contact information within five (5) business days of any deposition so that Plaintiffs may request copies of deposition transcripts.  The Company will not oppose such requests for transcripts (or portions thereof) that have been designated as confidential by U.S. Steel under any confidentiality agreement or order governing the documents produced in the related derivative action, or in response to an inspection demand or action under § 220, subject to the provisions of paragraph 6 below.

6. Plaintiffs' right to receive documents, written discovery responses, or deposition transcripts as described above will be contingent upon their agreement to be bound by any agreement or order governing those materials in the related derivative action or in response to an inspection demand or action under § 220, with the express understanding that Plaintiffs shall be entitled to use any such documents produced to them pursuant to this Agreement in the Consolidated Derivative Action.  If Plaintiffs cannot become a party to any such agreement or

order, they will enter into a separate agreement with U.S. Steel acknowledging their agreement to be bound by the terms of such agreement or order, with the express understanding that Plaintiffs shall be entitled to use any such documents produced to them pursuant to this Agreement in the Consolidated Derivative Action, and further will agree that their acknowledgement of the agreement or order may be enforceable in the Consolidated Derivative Action.

7. Within thirty (30) days of the expiration of the deferral period set forth in paragraph 1 above, or at such other time as may be agreed by the Parties, the Parties will meet and confer concerning a schedule for further proceedings in the Consolidated Derivative Action and will propose a schedule to the Court accordingly.

IT IS SO ORDERED.

_____
HONORABLE CATHY BISSOON
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I, George C. Aguilar, hereby certify that the foregoing Joint Motion to Defer Proceedings Pending Developments in Related Securities Class Action and [Proposed] Order, and Exhibit A thereto, was served upon all counsel of record by ECF filing this 30th day of November, 2017.

/s/ *George C. Aguilar*