## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD SUMMERVILLE, *et. al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 17-1005 |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| DAVID B. BURRITT, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Defendants' Motion to Dismiss (Doc. 55) will be granted as to the only federal claim in this lawsuit and the Court will decline to exercise supplemental jurisdiction over the state-law claims.

The Court subject-matter jurisdiction is premised on the Section 14(a) claim which presents a federal question. But Plaintiffs' Section 14(a) allegations are "based solely on negligence; they are not based on any allegation of reckless or knowing conduct by or on behalf of . . . Defendants, and they do not allege and do not sound in fraud." Am. Comp. (Doc. 54) ¶ 66. Plaintiffs, therefore, cannot demonstrate that demand was excused for this claim due to the exculpation afforded to Defendants under 8 Del. Code § 102(b)(7). *See* <u>City of Detroit Police & Fire Ret. Sys. ex rel. NiSource Inc. v. Hamrock</u>, No. 20-577, 2021 WL 877720, at \*5 (D. Del. Mar. 9, 2021) (dismissing a Section 14(a) claim, based solely on negligence, because Section 102(b)(7) exculpation precluded a finding of demand futility). Because Plaintiffs have failed to establish demand futility under Fed. R. Civ. P. 23.1 and Delaware law, the Section 14(a) claim necessarily fails.

Dismissal of the Section 14(a) claim also is warranted under Fed. R. Civ. P. 12(b)(6) because Plaintiffs have failed to plead transaction causation in accordance with Third Circuit

precedent.  *See* <u>Gen. Elec. Co. by Levit v. Cathcart</u>, 980 F.2d 927, 933 (3d Cir. 1992) ("[T]he mere fact that omissions in proxy materials, by permitting directors to win re-election, *indirectly* lead to financial loss through mismanagement will not create a sufficient nexus with the alleged monetary loss.").

Plaintiffs were given an opportunity to amend their complaint, but despite being on notice of the Section 102(b)(7) exculpation argument, as well as Third Circuit's pleading requirements as to transaction causation, their amended complaint remains deficient and their brief in opposition is silent on both points.  Accordingly, the Court finds that these deficiencies cannot be cured by further amendment, and the Section 14(a) claim, therefore, will be dismissed with prejudice.  *See* <u>United States ex rel. Schumann v. Astrazeneca Pharm. L.P.</u>, 769 F.3d 837, 849 (3d Cir. 2014) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them.").

Because the Court will dismiss with prejudice the only federal claim, it "*must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original, citation to quoted source omitted). Those considerations are absent here, and—to the extent that any may present—they fall well short of the "extraordinary circumstances" warranting an exercise of supplemental jurisdiction. <u>Bright v. Westmoreland Cty.</u>, 380 F.3d 729, 751 (3d Cir. 2004).

Consistent with the foregoing, Defendants' Motion to Dismiss (**Doc. 55**) is **GRANTED**, **the Section 14(a) claim** is **DISMISSED WITH PREJUDICE** and the **state-law claims** are **DISMISSED** without prejudice to refiling in an appropriate state-tribunal.

**IT IS SO ORDERED**.


September 2, 2023                                                  s/Cathy Bissoon
                                                                   Cathy Bissoon
                                                                   United States District Judge


cc (via ECF email notification):

All Counsel of Record